CHARLES C. BROWN, ESQ. (Bar No. 179365)
(E-Mail: charlesbrown@parzivalgroup.com)
1 South Fair Oaks Avenue, Suite 401
Pasadena, California 91105
Telephone: (626) 594-4874

Attorney for Defendant
JIMMY VU

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JIMMY VU,<br><br>　　　　Defendant. | Case No. CR 21-201-JVS<br><br>**DEFENDANT'S POSITION RE: SENTENCING FACTORS;**<br><br>Date: June 10, 2024<br>Time: 9:30 a.m. |

　　　Defendant JIMMY VU, by and through his counsel of record, Charles C. Brown, hereby submits his Position Re: Sentencing and for the Court's consideration of the sentencing factors set forth in 18 U.S.C. § 3553.

　　　　　　　　　　　　　　　　　Respectfully submitted,

DATED: June 3, 2024　　　　　　By *Charles C. Brown*
　　　　　　　　　　　　　　　　　　CHARLES C. BROWN

# I.
# INTRODUCTION

Mr. Vu has more than accepted responsibility for his conduct in the instant offense. Since his guilty plea, he has demonstrated not only his remorse for his role in the offense, but he has also demonstrated his law-abidingness and good character. For the past two years, his conduct under pretrial supervision has been exemplary. Given Mr. Vu's demonstrated efforts and his good character, the defense agrees with the recommended sentence of time served, three years' supervised release and restitution. The defense does not believe that home confinement is necessary to further the interests of justice.

# II.
# SENTENCING GUIDELINE CALCULATIONS

Mr. Vu has no criminal history points and qualifies for the Zero Point Offender reduction under Section 4C1.1 of the Guidelines. As such, his total adjusted offense level is 15, resulting in an advisory range of 18-24 months.

| | |
|---|---|
| Base Offense Level [§ 2B4.1 (a)] | 8 |
| Loss Amount [§2B4.1(b)(1)(B)] | +12 |
| Acceptance of Responsibility | -3 |
| Zero Point Offender [§4C1.1] | -2 |
| Total Offense Level | 15 |
| Criminal History | I |
| **Advisory Guideline Range** | **18-24** |

# III.

# SECTION 3553 CONSIDERATIONS

The Guideline calculations notwithstanding, the consideration of the factors set forth in 18 U.S.C. § 3553(a), as applied to the circumstances of the instant offense and to Mr. Vu, supports the imposition of a sentence of time served.

### A. Nature and Circumstances of the Offense

Mr. Vu admitted to receiving illegal renumeration for health care referrals in violation of 42 U.S.C. § 1320a-7(b)(2)(A). He immediately accepted responsibility for his conduct by entering a timely guilty plea on January 20, 2022.

### B. History and Characteristics of Defendant

Mr. Vu's personal history is well-documented by the Probation Officer. He is now 70 years old. He was born in Thaipins, Vietnam on May 1, 1954. He escaped communist rule in Vietnam in 1989 and immigrated to the United States. He is a naturalized United States citizen. He is married and the father of four adult children. He has three grandchildren. Mr. Vu suffers from diabetes and high cholesterol but is otherwise in good physical and mental health. He has no prior criminal history or history of drug use.

### C. Retribution, Deterrence, and Incapacitation

Certainly, there is a strong societal interest in punishing individuals who are involved in offenses such as this. Yet, these compelling interests are mitigated by Mr. Vu's age, his lack of prior criminal history, and his acceptance of responsibility.

Simply put, Mr. Vu is not a person who is deserving of a custodial sentence. Given his personal history he is a person who has learned from his mistakes and is not one who is likely to recidivate and poses no ongoing danger to the community - therefore, incarceration is unnecessary to accomplish the otherwise laudable societal goals of retribution, deterrence, and incapacitation.

**D.     Rehabilitation**

In addition to promoting respect for the law and to provide just punishment for the offense, the statutory scheme contemplates rehabilitation as an important factor in the sentencing calculus.  And by enacting section 3582, Congress explicitly recognized that imprisonment is "not an appropriate means of promoting correction and rehabilitation."  18 U.S.C. § 3582.  As noted above, Mr. Vu is unlikely to recidivate and given his age and insights, incarceration is not necessary to promote rehabilitation.

**IV.**

**CONCLUSION**

For the reasons stated above, Mr. Vu respectfully requests that the Court impose a sentence of time served.  Such a sentence is sufficient but not greater than necessary to further the interests of justice in this case.

Respectfully submitted,

DATED:  June 3, 2024            By /s/ *Charles C. Brown*
                                   CHARLES C. BROWN, ESQ.